## MILLER v. UNITED STATES et al.

District Court, S. D. New York.
June 16, 1943.

William L. Standard, of New York City (Louis H. Rubinstein, of New York City, of counsel), for libellant.

Mathias F. Correa, U. S. Atty., of New York City, for respondent.

BURKE, District Judge.

### Findings of Fact.

1. The SS Antigua, owned by the United Fruit Co., was under bareboat charter to the United States and was being operated by that company as agent for the Government.

2. On or about February 3rd, 1942, the libellant was engaged by the respondents at New York to join the SS Antigua as a seaman. His wages were to be $90 a month, plus an increase of $17.50, making his basic wages $107.50 a month.

3. While the SS Antigua was en route at Panama, the libellant suffered a recurrence of a stomach ailment. The vessel proceeded to San Francisco.

4. The libellant's stomach ailment continued from its recurrence at Panama up until the time that the vessel reached San Francisco.

5. The libellant was off duty on the evening of March 21st and was also to be off duty on the following day, March 22, 1942, which was a Sunday, and the vessel was then in port at San Francisco. The libellant packed his belongings and left the vessel but left his baggage packed on the dock.

6. The following morning, March 22, 1942, he applied to the ship's doctor who gave him a slip to the ship's master and upon presentation of the slip he obtained from the ship's master a hospital certificate upon which he was admitted to the Marine Hospital at San Francisco on the following day, March 23, 1942.

7. He was treated at the Marine Hospital for his stomach ailment for a period of four days from March 23, 1942, until March 26, 1942, when he was discharged as fit for duty.

8. While he was in the hospital the Antigua sailed. Upon his discharge he applied to the vessel's agents at San Francisco for the wages claimed to be due him

and for another job, but was told to await the return of the vessel.

9. The SS Antigua returned about April 15, 1942. Upon applying to the vessel the libellant learned that he had been logged as a deserter on March 22, 1942, at 9:30 A. M. and that his wages were deposited with the Shipping Commissioner and that he would have to institute suit to obtain what he claimed to be due him.

10. During the interval when he was discharged from the hospital and April 15, 1942, he spent about $3 daily for maintenance.

11. Before the vessel reached San Francisco, other members of the crew had quit the vessel upon the pretext of requiring medical care, it then being commonly known that the SS Antigua was about to proceed into the Pacific War Zone.

12. Under the circumstances of the libellant's having packed his baggage and made himself ready to leave the vessel without having first procured a hospital certificate, and because of the fact that other members of the crew at or about that time had used a similar pretext and because of the emergency then existing, the master of the vessel had reasonable cause to withhold the wages due the libellant.

13. In fact, however, the libellant did have an actual stomach ailment and was entitled to hospitalization. The manner of his leaving the ship, although irregular, did not constitute him a deserter. He intended to return to the service of the ship when discharged from the hospital.

14. He returned to New York by rail on April 19, 1942, the trip taking four days. He expended $43.10 for return transportation and $12 for meals enroute.

### Conclusions of Law.

1. Libellant is entitled to recover the sum of $102.55 earned wages up to March 22, 1942. He is not entitled to wages after that date.

2. He is not entitled to maintenance and cure after his discharge from the hospital because he was discharged as fit for duty.

3. The steamship company was justified in not rehiring him upon his application at the vessel's agents after his discharge from the hospital because of the irregular manner in which he had left the vessel.

4. He is entitled to recover his transportation and expenses back to New York in the amount of $55.10.

5. He is not entitled to recover double wages pursuant to Section 596 of Title 46 of the United States Code Annotated because the master of the vessel was justified, under the circumstances, in withholding his earnings.

6. There was no immediate emergency, because of the libellant's physical condition, which would have prevented him from securing a hospital certificate in the usual manner by application to the ship's officers before he had packed his baggage and made ready to leave the ship. It was his own manner of leaving the ship which caused the ship's officers to view his actions with suspicion. Because of these circumstances and, in the exercise of discretion, costs of this action are not allowed to the libellant.

7. Judgment for the libellant may be entered by the Clerk in accord herewith.