## GYLOCK v. ALASKA PACKERS ASS'N.
### No. 24859.

United States District Court
N. D. California, S. D.
Feb. 1, 1949.

Gladstein, Anderson, Resner & Sawyer, of San Francisco, Cal., for libelant.

Healy & Walcom, of San Francisco, Cal., for respondent.

---

128

HARRIS, District Judge.

Libelant, employed as a seaman by respondent, seeks to recover damages, maintenance and wages under the Jones Act, 46 U.S.C.A. § 688. His cause of action is based on the alleged unlawful abandonment of libelant at the port of Soerabaja, Java, on June 16, 1946.

Respondent's defense to the alleged cause of action is that the master of the vessel on which libelant worked acted reasonably and in good faith in putting libelant off the ship in the custody of the American representative of the War Shipping Administration who was stationed at the port in question.

While the vessel had been docked at the preceding port of Macassar, libelant contracted some sort of venereal ailment for which he sought and received treatment on board ship at the hands of the purser. Sulfa pills were administered.

At Soerabaja, the captain ordered libelant to the Dutch Army Hospital in the company of the representative of the War Shipping Administration. Libelant denies being examined or being hospitalized, and contends he left the ship under protest.

According to respondent, libelant complained of illness up to the time of his signing ship's papers and requested that he be permitted to receive treatment from a doctor. The ship's officers had reasonable cause to believe, and did believe that libelant was suffering from a venereal disease which would be detrimental to the welfare of libelant and the crew.

The question then to be answered is whether the master acted in good faith and with sufficient cause in placing libelant in the hands of the representative of the War Shipping Administration for medical care and attention. Libelant agrees that if there is a reasonable basis for the action taken by the master in placing a seaman on land and leaving him there for medical treatment, there is no liability on the part of respondent.

In Miller v. United States, D.C., 51 F. Supp. 924, 925, the court passed upon the problem of good faith in the case of a master who charged a seaman with desertion when the seaman left the ship to receive hospitalization in San Francisco and left his belongings on the dock. Although the facts showed that the seaman actually required treatment for a stomach ailment and that his conduct was proper in going to the Marine Hospital, the court ruled that the master had good cause for believing that the seaman in question had deserted his ship. Other members of the crew had left the vessel on the pretext of requiring medical aid in order to avoid remaining with the ship which was scheduled to proceed to a war zone. The court believed that the master properly placed the seaman in the same category. Accordingly, it refused to order respondent to pay the seaman wages or other moneys beyond his actual cost of returning to his home port.

In the light of this decision and the facts herein, it would appear that in the instant case the master acted in good faith when he required libelant to remain at Soerabaja for hospital treatment.

· Since libelant has been paid wages up to the time he left the ship, it is held that he is not entitled to damages, wages or maintenance, and it is ordered that a decree be entered against libelant and in favor of respondent.